UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KAREN JUDITH BETETA
RODRIGUEZ, GLORIA E.
MARTINEZ ANDURAY, and all
others similarly situated under 29
U.S.C. 216(b)

    Plaintiffs,

vs.

J-J CAULKING &
WATERPROOFING CORP., a Florida
Corporation, and MARIA D.
TENORIO, individually,

    Defendants.
_____/

# COMPLAINT

COME NOW Plaintiffs, KAREN JUDITH BETETA RODRIGUEZ (hereinafter "RODRIGUEZ"), GLORIA E. MARTINEZ ANDURAY (hereinafter "ANDURAY"), by and through their undersigned counsel, and hereby sues Defendants, J-J CAULKING & WATERPROOFING CORP. (hereinafter "J-J CAULKING"), a Florida Corporation, and MARIA D. TENORIO (hereinafter "TENORIO"), individually, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiffs are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant J-J CAULKING is a Florida corporation which regularly conducted business within the Southern District of Florida. Specifically, J-J CAULKING operated a business which performed the services of window caulking and waterproofing.

6. J-J CAULKING is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, the two plaintiffs, in addition to other co-workers of Plaintiffs, would regularly and routinely use tools and materials necessary for window caulking and waterproofing, including but not limited to caulking, harnesses, tape, paint, sand, rollers. The tools and materials that Plaintiffs and other employees regularly and routinely handled, had travelled in interstate commerce. Furthermore, J-J CAULKING, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. Upon information and belief, the annual gross revenue of J-J CAULKING was at all times material hereto in excess of $500,000.00 per annum gross annual revenue in excess of $500,000, for the years of 2016, 2017, 2018. Upon information and belief, J-J CAULKING has had gross annual revenue in excess of $500,000.00 for the first half of 2019. Upon information

and belief, J-J CAULKING has is expected to have gross annual revenue in excess of $500,000.00 for the year of 2019.

8. By reason of the foregoing, J-J CAULKING is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs is within interstate commerce.

9. The individual Defendant, TENORIO, is an "employer," as defined in 29 U.S.C. § 203(d), as she had operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs.  Defendant TENORIO controlled the purse strings for the corporate Defendant. Defendant TENORIO hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

10. Plaintiffs re-allege and re-aver paragraphs 1 through 9 as fully set forth herein.

11. Plaintiffs were employed by the Defendants as non-exempt employees who performed the services of caulking and waterproofing at the direction of the Defendants.

### KAREN JUDITH BETETA RODRIGUEZ

12. Plaintiff RODRIGUEZ was employed from on or about January 2017 through on or about August 16, 2019.

13. RODRIGUEZ was paid a rate of $10.00 per hour during approximately the first 2 weeks. RODRIGUEZ thereafter received a raise and was paid a rate of $12.00 per hour from on or about February, 2017 through on or about December, 2018. RODRIGUEZ was paid a rate of $13.00 per hour from on or about January, 2019 through August, 2019.

14. RODRIGUEZ claims unpaid overtime wages during approximately half of the weeks between the dates of on or about January, 2017 through on or about December, 2018. During the weeks claimed, RODRIGUEZ worked approximately 45-50 hours per week and was not paid overtime wages. RODRIGUEZ seeks overtime pay at a rate of halftime for each hour worked over 40 hours weekly.

## GLORIA E. MARTINEZ ANDURAY

15. Plaintiff ANDURAY was employed from on or about November, 2016 through on or about August 16, 2019.

16. ANDURAY was paid a rate of $10.00 per hour during approximately the first 2 weeks. ANDURAY thereafter received a raise and was paid a rate of $12.00 per hour from on or about December, 2016 through on or about February, 2017. ANDURAY was paid a rate of $14.00 per hour from on or about February, 2017 through on or about May, 2018. ANDURAY was paid a rate of $16.00 per hour from on or about May, 2018 through on or about August, 2019.

17. ANDURAY claims unpaid overtime wages during approximately half of the weeks. During the weeks claimed, ANDURAY worked approximately 45-50 hours per week and was not paid overtime wages. ANDURAY seeks overtime pay at a rate of halftime for each hour worked over 40 hours weekly.

## ALLEGATIONS AS TO BOTH PLAINTIFFS

18. Plaintiffs were not paid overtime wages when each worked more than 40 hour per week. Accordingly, Plaintiffs claim the halftime rate for each hour worked over 40 hours weekly.

19. Defendants were required to pay Plaintiffs their overtimes wages. Plaintiffs were not paid overtime wages at a rate of time and one half, when each worked more than 40 hours per week.

20. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

21. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiffs' work schedule and further aware that Plaintiffs were working more than 40 hours per week. Defendants were aware of Plaintiffs' pay records and the rate that Plaintiffs were being paid for their hours. Defendants purposely set up their payroll practices so that the payroll company would pay Plaintiffs for approximately 40 hours by check and any hours worked over 40 hours were paid separately in cash. The artificial limitation of 40 hours appearing by paycheck was not selected at random, rather it was selected with fore-knowledge of overtime laws and specifically intended to avoid the appearance of hours over 40 being reflected on paystubs. Upon information and belief, Defendants pay other employees in the same manner and those other employees are no paid overtime wages. Despite Defendants' having knowledge of Plaintiffs' hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiffs, and those similarly situated, the overtime wages they were due. Thus, Defendants continue to willfully violate the FLSA.

22. The similarly situated individuals are those individuals whom were employed by the Defendants as employees who performed the services of caulking and waterproofing, like the Plaintiffs, and whom were not paid overtime wages.

23. Plaintiffs have retained the law offices of the undersigned attorneys to represent them in this action and are entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiffs request compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiffs do not recover liquidated damages, then Plaintiffs will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiffs and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: September 27, 2019

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561